REQUESTED BY: Nebraska State Board of Educational Lands and Funds
Is the School Land Trust required to obtain written approval of the central data processing administrator pursuant to Section 81-1117(2)(e) prior to its decision to upgrade the data processing system which is owned by the Board?
No.
The question posed is the effect of Neb.Rev.Stat. 81-1117(2)(e) on the Nebraska State Board of Educational Lands and Funds. That section provides in part that: `No state agency shall hire, purchase, lease, or rent any machine data processing item listed in subsection (1) of this section without the written approval of the central data processing administrator.'
The authority and powers of the Nebraska State Board of Educational Lands and Funds (hereinafter referred to as the Board) are found in Article VII, Section 6 of the Nebraska Constitution which provides that `The general management of all lands set apart for educational purposes shall be vested under the direction of the Legislature, in . . . the Board of Educational Lands and Funds.' In State ex rel. Ebke v.Board of Educational Lands and Funds, 159 Neb. 79,65 N.W.2d 392 (1954), the Nebraska Supreme Court stated that `The school lands were received and are held in trust by the State of Nebraska for educational purposes. The state as trustee of the lands and of the income therefrom is required to administer the trust estate under the rules of law applicable to trustees acting in a fiduciary capacity.'
The question you have posed is similar to that treated in Board of Regents v. Exon, 199 Neb. 146, 256 N.W.2d 330
(1977). There, the issue was the extent to which the Nebraska State Legislature could control or interfere with the Board of Regents of the University of Nebraska in the general government of the University. The authority of the Board of Regents is found in Article VII, Section 10 of the Nebraska Constitution which provides that `The general government of the University of Nebraska shall, under the direction of the Legislature, be vested in a board of . . . regents. . . . Their duties and powers shall be prescribed by law.' At issue in Board of Regents, id., was the meaning of the phrase `under the direction of the Legislature.' That particular phrase appears in both constitutional grants of authority to the regents of the University of Nebraska and to the Board of Educational Lands and Funds. Further, the controversy in Board of Regents involved the expenditure of funds derived from sources other than the state general fund. There the Court noted that funds appropriated to the University by Neb.Rev.Stat. § 85-131 (Reissue 1976) are trust funds, and can be expended only by the Board of Regents for the benefit of the University.
We would draw a parallel between the Nebraska Supreme Court's rationale in Board of Regents and its holding inEbke v. Board of Educational Lands and Funds, supra, where it held that `the state as trustee of the lands and of the income therefrom is required to administer the trust of state. . .' The power and authority of the Board is set forth in the Constitution, which power and authority remains vested in the Board and cannot be delegated to other offices or agencies. Board of Regents v. Exon, supra. The expenditure of funds by the School Land Trust is solely within the administration of the trust. Consequently, the Legislature may not delegate such constitutional authority to another agency. State ex rel. Belker v. Board of Educational Landsand Funds, 184 Neb. 621, 171 N.W.2d 156 (1969). Therefore, it is our opinion that the Board is not subject to Section81-1117 which requires written approval of the central data processing administrator prior to the purchase of data processing equipment.
Very truly yours,
PAUL L. DOUGLAS Attorney General
Ruth Anne E. Galter Assistant Attorney General
APPROVED BY:
Paul L. Douglas
Attorney General